IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KATHERINE DAVIS,
Guardian for Carla Lewis                                                          PLAINTIFF

v.                              No. 4:13-cv-589-DPM

OLD DOMINION FREIGHT LINE
and MELVIN HOWZE                                                              DEFENDANTS

ORDER

This case is about a car stopped in the middle of an interstate and a rear-end collision. Carla Lewis was suddenly incapacitated while driving, and her Dodge Durango slowed to a stop in the west-bound center lane of Interstate 30 near Benton. It was night. Lewis's hazard and brake lights were not on, but her headlights and tail lights were. Meanwhile, east of Lewis and also west bound, Melvin Howze was driving an Old Dominion tractor-trailer and talking on the phone to his wife using a headset. He was following a pick-up truck, and didn't see Lewis's stopped Durango until the pick-up swerved to avoid a wreck. Howze braked, but couldn't stop in time. He was going less than 65 m.p.h., the speed limit for his tractor-trailer. Approximately four minutes had passed between the time Lewis's vehicle had stopped in the center lane and the time Old Dominion's tractor-trailer rear-ended it. Lewis

was severely injured.

Katherine Davis, Lewis's mother and guardian, alleges negligence. Old Dominion and Howze seek summary judgment on that claim and, in the alternative, on Davis's punitive damages claim. Old Dominion and Howze argue hard that Lewis is obviously so much more at fault than Howze that they're entitled to judgment as a matter of law under Arkansas' comparative fault statute.

Apportioning fault is almost always the jury's job. *Lockett v. International Paper Co.*, 871 F.2d 82, 84 (8th Cir. 1989); *St. Louis Southwestern Railway Co. v. Pennington*, 261 Ark. 650, 666, 553 S.W.2d 436, 444 (1977). Old Dominion and Howze acknowledge this law. But they argue that this is one of the rare cases where fault can be weighed only one way. The Court disagrees. The undisputed facts here are not so extreme that the Court can say one side or the other wins as a matter of law. *Compare Young v. Johnson*, 311 Ark. 551, 555, 845 S.W.2d 510, 512–13 (1993). Defendants' supplemental brief, № 56, and the belated deposition of Lewis's passenger don't compel a different result. Reasonable minds could differ about the apportionment of fault.

Davis has disclaimed any intention to seek punitive damages. *Compare*

№ 34 at 6–7, with № 2 at 4. The punitives issue is therefore out of the case. The motion is moot in this respect.

* * *

Old Dominion and Howze's motion for summary judgment, № 27, is denied. The parties should prepare for trial on 11 January 2016. The Court will hold a pretrial on 17 December 2015. A Third Amended Final Scheduling Order will issue.

So Ordered.

*D.P. Marshall Jr.*
United States District Judge

29 May 2015