**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**KATHERINE DAVIS,**
**Guardian for Carla Lewis** **PLAINTIFF**

**v.** **No. 4:13-cv-589-DPM**

**OLD DOMINION FREIGHT LINE**
**and MELVIN HOWZE** **DEFENDANTS**

**ORDER**

For the endorsed reasons, the Court sustains and overrules the parties' objections to the deposition designations as noted on *№ 104*, attached.

So Ordered.

D.P. Marshall Jr.
United States District Judge

22 December 2015

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CARLA LEWIS BY AND THROUGH HER GUARDIAN, KATHERINE DAVIS — PLAINTIFF

V. — NO. 4:13CV0589-DPM

OLD DOMINION FREIGHT LINE, INC. AND MELVIN HOWZE — DEFENDANTS

**AMENDED AND SUBSTITUTED**
**JOINT REPORT OF DEPOSITION DESIGNATIONS**

Counsel for all parties met on November 18, 2015 to confer on the deposition designations exchanged in this matter. After the December 17th, 2015 pre-trial hearing, counsel for the parties discussed and pared down the disputed deposition designations as result of this Court's rulings on the Motions in Limine. The parties submit this report addressing the disputed deposition designations upon which agreement could not be reached. The parties further submit for the convenience of the Court that the depositions of Christina Jones and Sarah Moore were videotaped.

**SPECIFIC OBJECTIONS**

**DEPOSITION OF AMBER HANCOCK, *See Exhibit A***

Defendants withdraw their designation of Page 21, Line 1 through 14.

. . .

**PLAINTIFF'S OBJECTION:** Page 8, Lines 3-12: Couldn't readily identify, not relevant or admissible because she has no actual knowledge (didn't know race) "I can't remember".

overruled. Defendants are correct.

**DEFENDANTS' RESPONSE:** Ms. Hancock provided a description to the best of her

recollection. The jury should decide what weight to give such testimony based on the witness' first-hand description.

**PLAINTIFF'S OBJECTION:** Page 9, Lines 4-11: Hearsay. Ms. Hancock was repeating out of court statements made by a third party.

Overruled. Excited utterance.

**DEFENDANTS' RESPONSE:** Said statements fall within the hearsay exceptions of present sense impression and excited utterance. Fed. R. Evid. 803 (1) and (2). These statements were made just after Ms. Jones fled the Lewis vehicle and just before the subject accident.

**PLAINTIFF'S OBJECTION:** Page 19, Lines 3-16: Hearsay document. Ms. Hancock was reading from a document created by a third party.

Sustained. Cannot make document admissable by "agreeing" with it.

**DEFENDANTS' RESPONSE:** The witness was given the written statement of her companion to review. She testified she agreed with the entirety of the statement regarding the accident.

**PLAINTIFF'S OBJECTION:** Page 19, 17-25: Hearsay, what passenger said only. (First sentence on page 19, line 18).

Overruled. Excited utterance and present sense impression.

**DEFENDANTS' RESPONSE:** The passenger's statements fall within the hearsay exceptions of present sense impression and excited utterance. Fed. R. Evid. 803 (1) and (2). These statements were made just after Ms. Jones fled the Lewis vehicle and just before the subject accident.

**PLAINTIFF'S OBJECTION:** Page 20, Lines 1-7: Hearsay and speculation. Ms. Hancock was reading a statement from a third party. Ms. Hancock further speculates that the Truck had no way of knowing. Speculation is not admissible testimony.

Sustained. Hancock may testify from personal knowledge about the brake lights; she can't speculate, though, about the truck driver's knowledge.

**DEFENDANTS' RESPONSE:** The witness is not speculating about what she personally observed at the scene. She confirms there were no brake lights on while the Lewis vehicle was parked in the interstate and therefore the truck had no way of knowing she was there.

This is based on her first-hand personal observation.

**PLAINTIFF'S OBJECTION:** Page 24, Lines 14-15: Hearsay, telling what a third party told Ms. Hancock to do and what he saw.

withdrawn.

**DEFENDANTS' RESPONSE:** At this time, Defendants' withdraw their designation of Page 24, Line 14 – 23. Should Matt Gossett, the individual to whom this statement is attributed not be available at trial, Defendants reserve all relevant hearsay exceptions.

**DEPOSITION OF CHRISTINA JONES, *See Exhibit B***

By agreement of parties, Plaintiff's deposition designations of page 11, lines 14 through 19, page 79, line 21 through page 81, line 18 and page 119, line 23 through 25 are withdrawn.

. . .

**PLAINTIFF'S OBJECTION:** Page 43, Line 10-11: We object to Defendants request to deletion of "All State Insurance Company." All State is not an insurer from either party. All State was there to investigate the matter for a third party not involved in the matter at hand. Therefore, it is proper to include All State Insurance.

Overruled. The parties must avoid mentioning any insurance company without prior Court approval.

**DEFENDANTS' RESPONSE:** Plaintiff does not articulate an appropriate basis for interjection of Allstate into these proceedings. Defendants object on the basis more fully stated below.

**PLAINTIFF'S OBJECTION:** Page 43, 19: We object to Defendants request to deletion of "All State." All State is not an insurer from either party. All State was there to investigate the matter for a third party not involved in the matter at hand. Therefore, it is proper to include All State Insurance.

Overruled. See above.

**DEFENDANTS' RESPONSE:** Plaintiff does not articulate an appropriate basis for interjection of Allstate into these proceedings. Defendants object on the basis more fully stated below.

**PLAINTIFF'S OBJECTION:** Page 103, Line 16-23: Hearsay. Telling Ms. Jones what a third party testified to that Ms. Jones said.

**DEFENDANTS' RESPONSE:** The statement of the third party was presented to Ms. Jones for the purpose of allowing her to confirm or refute the statement attributed to her. The statement was not referenced for the purpose of asserting the truthfulness of what the third party said. It should be noted that Plaintiff's do not object to an identical line of questioning regarding testimony of Nicholas Rogers, Page 102, Line 11 – Page 103, Line 15, immediately preceding the referenced statements of Amber Hancock.

Overruled. Statement not offered for its truth. Better, though, to just ask "Didn't you tell [person] X?", rather than referring to the other person's testimony. Avoid the bootstrap.

. . .

**DEFENDANTS' OBJECTION:** Defendants object to Plaintiff's designation of page 43, line 19 as it contains discussion of the investigation of Allstate Insurance, insurer for a non-party which struck the Lewis' vehicle prior to the subject accident. The reference to Allstate in Ms. Jones' testimony unnecessarily interjects insurance into these proceedings, which may lead to confusion by the jury as to Allstate's role in the investigation of these proceedings. Such confusion could result in prejudice to Defendants.

Sustained. See above re Allstate.

**PLAINTIFF'S RESPONSE:** Federal Rule of Evidence 411, entitled, "Liability Insurance" and included within Article IV of the Rules ("Relevance and its Limits") took effect in 1975. Amendments in 1987 and 2011 were "technical" and "stylistic" and not intended to be substantive or "to change any result in any ruling on evidence admissibility." *See* Fed. R. Evid. 411 (Advisory Committee Notes, 1987 and 2011 Amendments). Rule 411 reads as follows:

Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, or proving agency, ownership, or control.

The reason for the rule is "concern[] over unfair prejudice—that if a jury were to learn of the party's coverage or lack of coverage by liability insurance, it would relax its standards in determining both fault and damages." Leonard, *supra*, at § 6.1.

In describing four permissible uses of liability insurance evidence (a witness's bias or prejudice, agency, ownership, or control) the rule uses the phrase "such as" to indicate that these examples are not the only permissible ones. *Id.*, at § 6.9. But even if admission is sought for a permissible use, evidence of insurance must still pass muster under more generally applicable rules of evidence, most importantly Rule 403. *See* Fed. R. Evid. 411, Advisory Committee Notes, 2011 Amendments. Rule 403 allows a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ."

The mention of Allstate Insurance is not prejudicial and it is probative in light of the fact that several documents, pictures and videos identified by both the Plaintiff and Defendant were secured by the Allstate Insurance representative during its investigation. It would be error to allow the introduction of these items without a proper foundation of how they were gathered.

**DEPOSITION OF JEFF PECK, *See Exhibit C***

All disputes resolved with the Motion in Limine rulings.

**DEPOSITION OF NICHOLAS ROGERS, *See Exhibit D***

Plaintiff's designation of page 18, line 18 through 23 is withdrawn.

. . .

**PLAINTIFF'S OBJECTION:** Page 11, Line 14-23: Hearsay objection. Mr. Rogers testified to what a third party told him out of court.

Overruled. Excited utterance.

**DEFENDANTS' RESPONSE:** The passenger's statements fall within the hearsay exceptions of present sense impression and excited utterance. Fed. R. Evid. 803 (1) and (2).

These statements were made just after Ms. Jones fled the Lewis vehicle and just before the subject accident. Mr. Rogers confirmed Ms. Jones was screaming "[s]he's still in there." *See Exhibit D,* Page 10, Line 12 – 15.

**PLAINTIFF'S OBJECTION:** Page 12, Line 1-3: Hearsay objection. Mr. Rogers testified to what a third party told him out of court.

Overruled. Excited utterance.

**DEFENDANTS' RESPONSE:** The passenger's statements fall within the hearsay exceptions of present sense impression and excited utterance. Fed. R. Evid. 803 (1) and (2). These statements were made just after Ms. Jones fled the Lewis vehicle and just before the subject accident. Mr. Rogers confirmed Ms. Jones was screaming "[s]he's still in there." *See Exhibit D,* Page 10, Line 12 – 15.

**PLAINTIFF'S OBJECTION:** Page 13, Line 3-4: Speculation. Mr. Rogers is speculating to whether or not the driver could have done anything else.

Sustained. Speculation.

**DEFENDANTS' RESPONSE:** The witness is not speculating about what he personally observed at the scene or his opinions based on his observations of the circumstances surrounding the subject accident. *See Exhibit D,* Page 12, Line 15 – Page 13, Line 2.

**PLAINTIFF'S OBJECTION:** Page 13, Line 11-21: Speculation and assumption. Mr. Rogers starts his testimony by "I assume that," No proper testimony and inadmissible.

Sustained. Speculation.

**DEFENDANTS' RESPONSE:** The witness is not speculating about what he personally observed or experienced at the scene. His opinions are based his personal experience in coming upon the Lewis vehicle stopped in the interstate.

**PLAINTIFF'S OBJECTION:** Page 23, Line 17-25: Hearsay, no personal knowledge. Page 24, Line 1-2: Speculation and assumption again.

Overruled on p. 23:17-25. Excited utterance. Sustained on p. 24:1-2. Speculation.

**DEFENDANTS' RESPONSE:** The passenger's statements fall within the hearsay exceptions of present sense impression and excited utterance. Fed. R. Evid. 803 (1) and (2).

These statements were made just after Ms. Jones fled the Lewis vehicle and just before the subject accident. Mr. Rogers confirmed Ms. Jones was screaming "[s]he's still in there." *See Exhibit D,* Page 10, Line 12 – 15.

. . .

**DEFENDANTS' OBJECTION:** Defendants object to Plaintiff's designation of page 18, line 24 through 25 based on the leading form of the question.

Overruled. Defendants are correct.

**PLAINTIFF'S RESPONSE:** Rule 611(c) of the Federal Rules of Evidence states:

**c) Leading Questions.** Leading questions should not be used on direct examination except as necessary to develop the witness's testimony. Ordinarily, the court should allow leading questions:
**(1)** on cross-examination; and
**(2)** when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party.

The Defendants identified this witness and directly examined him. The witness through discovery has been identified with an adverse party. During depositions of witnesses it was discovered that representatives of the Defendants sat down and talked with the witnesses prior to their depositions. Sometimes on the phone, sometimes in a Starbucks. Plaintiffs' counsel asked questions to necessarily develop the testimony.

**DEPOSITION OF GERALD DAVIS, *See Exhibit E***

Plaintiff made no designations for this witness. Defendants withdraw their designations of Page 18, Line 17 through 25; Page 19, Line 1; Page 19, Line 11 through 13; Page 20, Line 20 through 23; and Page 26, Line 10 – 18.

. . .

**PLAINTIFF'S OBJECTION:** Page 36, Lines 10-25: Any information received was hearsay; he wasn't there, no personal knowledge, and speculation.

Sustained on p. 36:10-18 unless and until impeachment issue arises. Sidebar before. Overruled on p. 36:19-25. Adequate personal knowledge.

**DEFENDANTS' RESPONSE**: Defendants reserve the right to use this testimony for impeachment purposes should the witness testify differently at trial. Defendants maintain their designation of Page 26, Line 19 – 25 as this testimony does not constitute hearsay and seeks to establish the witness' knowledge of Ms. Lewis' condition in the days and weeks before the accident.

**DEPOSITION OF STEVE LEWIS, *See Exhibit F***

Plaintiff made no designations for this witness. Defendants withdraw their designations of Page 28, Line 22 through 25; Page 39, Line 4 through 22; and Page 40, Line 1 through 8.

. . .

**PLAINTIFF'S OBJECTION**: Page 18, Line 18-20: Lack of foundation (no personal knowledge).

Overruled. Foundation adequate.

**DEFENDANTS' RESPONSE**: Mr. Lewis lives with Ms. Lewis' grandmother and made no indication that he did not have firsthand knowledge of his mother loaning her money. He further was able to confirm the basis for the loan(s). *See Exhibit F,* Page 19, Line 6 – 8.

**PLAINTIFF'S OBJECTION**: Page 19, Line 3-8: Lack of foundation, speculation, hearsay.

Overruled. Same.

**DEFENDANTS' RESPONSE**: Mr. Lewis lives with Ms. Lewis' grandmother and made no indication that he did not have firsthand knowledge of his mother loaning her money. He further was able to confirm the basis for the loan(s). *See Exhibit F,* Page 19, Line 6 – 8.

**DEPOSITION OF SHARON DOWNS, *See Exhibit G***

Plaintiff made no designations for this witness.

. . .

**PLAINTIFF'S OBJECTION**: Page 11, Line 24 through Page 12, Line 11: object to letter - hearsay document.

Overruled. Residual exception. F.R.E. 807.

**DEFENDANTS' RESPONSE:** This witness testified as the records custodian of the subject document and verified its authenticity.

**PLAINTIFF'S OBJECTION:** Page 17, Line 13-23: object to letter - Hearsay document (third party letter), inadmissible expert opinion (no foundation).

Overruled on document; sustained on expert testimony for lack of foundation.

**DEFENDANTS' RESPONSE:** The witness is testifying based on her experience as the director of the UALR Disability Resource Center, which issued certain accommodations for Ms. Lewis after her 2003 accident.

**DEPOSITION OF SARAH MOORE, *See Exhibit H***

Defendants withdraw their designation of page 78, lines 7 through 19 of Ms. Moore's deposition taken on January 27, 2015. Plaintiff's designations of page 38, line 13 through 20; page 59, line 4 through 15; page 168, line 24 through page 169, line 17; page 172, lines 16 through 24; and page 173, line 18 through 22 are withdrawn. Plaintiff also withdraws page 128, lines 2 through 4 where the Plaintiff references preparation of reports for use in mediation.

. . .

**PLAINTIFF'S OBJECTION:** Page 180, 4-15, 18-25: Objection, speculation regarding licensure.

Overruled. Defendants are correct.

**DEFENDANTS' RESPONSE:** This is the deposition of Plaintiff's life care planner. As the court is aware, her opinions were issued without review of certain records. The witness was asked to confirm that she is unable to say with 100% certainty that had she received and reviewed the information she requested, her opinions would not have been different. This is not speculation on her part. This is confirmation that she cannot express her opinions with 100% certainty. Further, the witness was provided with documentation verifying that Ms. Lewis made a renewed her disability within 6 months of obtaining her CPA license. This is not an issue as to

whether or not she received a license. No portion of this testimony deals with speculation and only Line 12 – 24 address when she obtained her CPA license.

. . .

**DEFENDANTS' OBJECTION:** Defendants object to Plaintiff's designation of page 29, line 1 through 24; page 30, line 1 through 25; and page 31, line 2 through 17. The questions and testimony addressed whether or not Ms. Lewis' condition was unusual given the nature of her injuries, whether her presentation was unusual for someone with a traumatic brain injury and whether Ms. Lewis' condition was static or whether she was going to make improvement. All of these questions call for new opinions from this expert, in violation of the Court's Order [Doc 67] prohibiting Ms. Moore from offering new opinions in this matter. Further, the question requests the witness to provide a medical opinion.

Overruled. Moore just said she didn't know whether Lewis would improve. Please redact the back and forth between counsel, here and elsewhere.

**PLAINTIFF'S RESPONSE:** The testimony of Ms. Moore is not a new opinion nor does it violate the Court's Order. The opinion rendered by Ms. Moore can be derived from her original report.

**DEFENDANTS' OBJECTION:** Defendant objects to Plaintiff's designation of page 39, line 5 through 19 wherein the witness was asked if it had been her experience that Medicare placed caps on certain treatments, medications or equipment. Plaintiff's expert testified she was not a Medicare expert. Additionally, Defendants object to this testimony on the basis that it is new opinion not previously offered by this expert.

Overruled. Moore testified based on her experience reading Medicare billing and Lewis documents reviewed.

**PLAINTIFF'S RESPONSE:** The testimony of Ms. Moore is not a new opinion nor does it violate the Court's Order. The opinion rendered by Ms. Moore can be derived from her original report.

**DEFENDANTS' OBJECTION**: Defendants object Plaintiff's designation of page 81, line 5 through 13 wherein the expert testifies that she has made no alterations of her reports

Sustained.

because she was placed under restriction of not altering her report. Defendant objects to any reference of the Court order or resulting limitations as to Ms. Moore's inability to offer new opinions in this matter. Such testimony calls for inference that she would have made changes if allowed to do so. Allowing the jurors to speculate as to how her report would have been altered is improper.

**PLAINTIFF'S RESPONSE:** There has been no Rules of Evidence objection to why Ms. Moore could not testify to the way she did.

**DEFENDANTS' OBJECTION:** Defendants object to Plaintiff's deposition designation of page 83, line 23 through 25 wherein counsel frames her question to the expert in the terms of the expert being "beaten up pretty well for not having reviewed the hospital medical records". As made subject of earlier motions in limine, this is an effort on the part of Plaintiff's counsel to evoke sympathy for this expert and to paint Defendants' counsel in a negative light. This statement by Plaintiff's counsel mischaracterizes the treatment of Ms. Moore in deposition.

Sustained. Defendants are correct.

**PLAINTIFF'S RESPONSE:** Plaintiffs question was a fair and accurate description of how Defendants counsel treated Ms. Moore. There was no new opinion evidence presented during the question it was merely a factual statement based on the history of the prior interactions with Defendants counsel and Ms. Moore.

**DEFENDANTS' OBJECTION:** Defendants object to Plaintiff's designation of page 169, line 9 through 14 wherein the witness was asked if seeing Ms. Lewis' videotaped deposition would have been more beneficial than an in person interview. Given that the expert did not view the videotaped deposition, this question asks for speculation on the part of the expert.

Overruled. Proper rehabilitation.

**PLAINTIFF'S RESPONSE:** Ms. Moore is an expert witness whose job is to speculate as all expert witnesses are required to do. The Defendants have called into question that Ms. Moore did not view Ms. Lewis deposition but instead only visited with Ms. Lewis in her habitat

with her family. The above question is proper and appropriate to respond to the Defendants track of previous questions to Ms. Moore.

**DEFENDANTS' OBJECTION:** Defendants object to Plaintiff's designation of page 170, lines 4 through 14 wherein the witness discusses preparing life care plans for insurance companies. This unnecessarily and impermissibly interjects insurance into these proceedings. Further, the witness is asked whether caretakers who are in the trenches with the client are more or less reliable than a report from the doctor. Defendant objects to this question as it calls for speculation.

ON insurance, sustained in part and overruled in part. Redact "where I was doing it for an insurance company to set reserves or" from lines 6 and 7. Line 5, the rest of 7, and all of 8 come in. sustained on lines 9-14. speculation.

**PLAINTIFF'S RESPONSE:** Federal Rule of Evidence 411, entitled, "Liability Insurance" and included within Article IV of the Rules ("Relevance and its Limits") took effect in 1975. Amendments in 1987 and 2011 were "technical" and "stylistic" and not intended to be substantive or "to change any result in any ruling on evidence admissibility." *See* Fed. R. Evid. 411 (Advisory Committee Notes, 1987 and 2011 Amendments). Rule 411 reads as follows:

Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, or proving agency, ownership, or control.

The reason for the rule is "concern[] over unfair prejudice—that if a jury were to learn of the party's coverage or lack of coverage by liability insurance, it would relax its standards in determining both fault and damages." Leonard, *supra*, at § 6.1.

In describing four permissible uses of liability insurance evidence (a witness's bias or prejudice, agency, ownership, or control) the rule uses the phrase "such as" to indicate that these examples are not the only permissible ones. *Id.*, at § 6.9. But even if admission is sought for a permissible use, evidence of insurance must still pass muster under more generally applicable

rules of evidence, most importantly Rule 403. *See* Fed. R. Evid. 411, Advisory Committee Notes, 2011 Amendments. Rule 403 allows a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ."

The testimony of Ms. Moore merely recites her history of employers which in the opinion of the Plaintiff bolsters her credibility and is a proper use allowed pursuant to Rule 411.

Respectfully submitted,

*/s/ Kathryn L. Hudson*
Kathryn L. Hudson, ABN 2010046
Justin Huett
LAW OFFICE OF KATHRYN L. HUDSON
650 S. Shackleford Rd., Ste 400
Little Rock, AR 72211
(501) 246-3586
(501) 217-4082 Fax
khudson@hudson-lawcenter.com
jhuett@hudson-lawcenter.com

*/s/ Gary J. Barrett*
Gary J. Barrett, ABN 2000071
Barrett Law Firm
12410 Cantrell Rd., Ste 100
Little Rock, AR 72223
(501) 372-2877 voice
(501) 707-1214 facsimile
barrett@garyjbarrett.com
*Attorneys for Plaintiff*

*and*

*/s/ Kara B. Mikles*
KARA B. MIKLES, BAR NO. 2003088
AMY L. TRACY, BAR NO. 2010122
MUNSON, ROWLETT, MOORE & BOONE, P.A.
400 West Capitol Avenue, Suite 1900
Little Rock, AR 72201
kara.mikles@mrmblaw.com
amy.tracy@mrmblaw.com

*/s/ Michael L. Carr*
MICHAEL L. CARR, BAR NO. 2009169
STEVEN E. HOLDEN, BAR NO. 2009221
HOLDEN & CARR
15 East 5th Street, Suite 3900
Tulsa, OK 74103
MikeCarr@HoldenLitigation.com
SteveHolden@HoldenLitigation.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I, Gary J. Barrett, hereby certify that on December 18th, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

KARA B. MIKLES, BAR NO. 2003088
AMY L. TRACY, BAR NO. 2010122
MUNSON, ROWLETT, MOORE & BOONE, P.A.
400 West Capitol Avenue, Suite 1900
Little Rock, AR 72201
kara.mikles@mrmblaw.com
amy.tracy@mrmblaw.com

MICHAEL L. CARR, BAR NO. 2009169
STEVEN E. HOLDEN, BAR NO. 2009221
HOLDEN & CARR
15 East 5th Street, Suite 3900
Tulsa, OK 74103
MikeCarr@HoldenLitigation.com
SteveHolden@HoldenLitigation.com
*Attorneys for Defendants*

*/s/ Gary J. Barrett*
GARY J. BARRETT, BAR NO. 2000071